UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LOWAYNE PERRY,<br><br>Plaintiff,<br><br>v.<br><br>PERDUE INC, et al.,<br><br>Defendants. | Case No. 16-cv-00904-EDL<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 12 |

On February 23, 2016, pro se plaintiff Patrick Perry filed a complaint and application to proceed in forma pauperis. On February 29, 2016, the Court issued an Order requiring Plaintiff to re-file a completed application to proceed in forma pauperis, and cautioned him that as pled his complaint failed to state a claim because he did not allege or otherwise indicate that he exhausted his administrative remedies and received a right-to-sue letter. Plaintiff did not timely file a completed application to proceed in forma pauperis or amended complaint. The Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Dkt. No.7. Mr. Perry responded and appeared at a hearing on the Order to Show Cause on May 31, during which he was granted until June 13 to file a completed application to proceed in forma pauperis and amended complaint. Dkt. No. 10. Mr. Perry consented to magistrate judge jurisdiction on June 2. Dkt. No. 11. He then timely filed a completed application to proceed in forma pauperis and a document the Court construes as an amended complaint. Dkt. No. 12.

Plaintiff's completed application to proceed in forma pauperis adequately alleges his poverty. Plaintiff is not employed, his monthly expenses exceed his monthly income, and he has a dependent. He does not own a home or a car and has $2.00 in cash. Therefore, Plaintiff qualifies for in forma pauperis status, and his Application is granted.

1  Although Plaintiff's application is granted, the amended complaint is dismissed sua sponte
2  with leave to amend and the Marshal shall not serve the amended complaint.[1]  In reviewing an
3  application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court
4  determines that the party applying for in forma pauperis status has filed a frivolous action. 28
5  U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28
6  U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke
7  v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is
8  often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the
9  inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at
10 1831. Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within
11 the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of
12 the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that
13 the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d
14 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Though not entirely clear, Plaintiff's complaint appears to be based on allegations of wrongful termination following alleged sexual harassment of Plaintiff's wife and sexual assault on himself and resulting medical issues while employed by Petaluma Poultry (elsewhere referred to as Purdue, Inc.). The caption of the complaint lists "Purdue, Inc.", "John Doe I" and "Fatima" as defendants. Compl. at 1. The body of the complaint mentions action taken by "Plant Manager Richard" and a meeting with "Human Resource Director David." Id. at 2. Other pages of the complaint list additional individuals followed by cursory boilerplate allegations such as "harassment" or "discrimination" untethered to any factual allegations. Id. at 7-8.

Other than a cursory reference to "Plant Manager Richard," Plaintiff does not connect any specific individual to any of the actions described in the complaint. "Plant Manager Richard" is

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

1  not listed as a defendant in the caption.  Further, the Complaint does not state what actions alleged
2  are attributable to the individuals listed in the caption and at the end of the complaint.  Plaintiff
3  also has not demonstrated why any of the individuals referenced in his complaint other than his
4  employer are proper defendants in this employment discrimination lawsuit.  Accordingly, the
5  Complaint fails to include a "short and plain statement of the claim showing that the pleader is
6  entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2) and the Complaint is
7  dismissed on this basis.

8  Additionally, before filing suit for an employment discrimination claim pursuant to
9  Title VII, a plaintiff must exhaust his administrative remedies by filing a timely and sufficient
10  charge with the Equal Employment Opportunity Commission or the appropriate state
11  administrative agency and obtain a right-to-sue letter.  See, e.g., Vasquez v. County of L.A., 349
12  F.3d 634, 645–46 (9th Cir. 2003); 42 U.S.C. §§ 2000e–5(b), (f)(3), 16(c); Stache v. Int'l Union of
13  Bricklayers and Allied Craftsmen, AFL–CIO, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied,
14  493 U.S. 815 (1989). "[T]he administrative charge requirement serves the important purposes of
15  giving the charged party notice of the claim and narrow[es] the issues for prompt adjudication and
16  decision." B.K.B. v. Maui Police Dep't., 276 F.3d 1091, 1099 (9th Cir. 2002) (internal citations
17  and quotations omitted).

18  Despite having been previously warned about this pleading deficiency, Plaintiff still does
19  not allege that he exhausted his administrative remedies by timely filing a complaint with the
20  Equal Employment Opportunity Commission ("EEOC") within 180 days.  To the extent that
21  Plaintiff's claim is based on state employment discrimination law, there is also no allegation that
22  Plaintiff timely filed a complaint with the California Department of Fair Employment and
23  Housing ("DFEH") within one year.  See Rojo v. Kliger, 52 Cal. 3d 65, 83 (1990); Cal. Gov't
24  Code §12960.  Though Plaintiff mentions a related workers' compensation claim, the status of this
25  proceeding is unclear.

26  Plaintiff is granted leave to file an amended complaint.  Any amended complaint must be
27  filed within 21 days of the date of this Order, and should clearly state which allegations and claims
28  relate to which Defendants.  Any amended complaint should also clearly state the basis for federal

3

court jurisdiction as well as whether or not Plaintiff has satisfied relevant exhaustion requirements. If Plaintiff does not timely file an amended complaint or does not remedy these pleading defects in a second amended complaint, dismissal may be with prejudice.

**IT IS SO ORDERED.**

Dated: June 16, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge