UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LOWAYNE PERRY,<br><br>           Plaintiff,<br><br>     v.<br><br>PERDUE INC, et al.,<br><br>           Defendants. | Case No. 16-cv-00904-EDL<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 14 |

On February 23, 2016, pro se plaintiff Patrick Perry filed a complaint and application to proceed in forma pauperis. On February 29, 2016, the Court issued an Order requiring Plaintiff to re-file a completed application to proceed in forma pauperis, and cautioned him that as pled his complaint failed to state a claim because he did not allege or otherwise indicate that he exhausted his administrative remedies and received a right-to-sue letter. Plaintiff did not timely file a completed application to proceed in forma pauperis or amended complaint. The Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Dkt. No.7. Mr. Perry responded and appeared at a hearing on the Order to Show Cause on May 31, during which he was granted until June 13 to file a completed application to proceed in forma pauperis and amended complaint. Dkt. No. 10. Mr. Perry consented to magistrate judge jurisdiction on June 2. Dkt. No. 11. He then timely filed a completed application to proceed in forma pauperis and a document the Court construed as a first amended complaint ("FAC"). Dkt. No. 12.

On June 16, the Court granted Mr. Perry's application to proceed in forma pauperis and sua sponte dismissed his FAC without prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court held that the FAC did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2) because it was unclear which entities and individuals Mr. Perry intended to name as defendants, what allegedly

1 wrongful actions were attributable to anyone mentioned in the complaint, and why any of the
2 individuals referenced in his complaint other than his employer are proper defendants in this
3 employment discrimination lawsuit.  Additionally, the Court dismissed the FAC for failure to
4 exhaust administrative remedies, explaining that:

> Additionally, before filing suit for an employment discrimination claim pursuant to Title VII, a plaintiff must exhaust his administrative remedies by filing a timely and sufficient charge with the Equal Employment Opportunity Commission or the appropriate state administrative agency and obtain a right-to-sue letter. See, e.g., Vasquez v. County of L.A., 349 F.3d 634, 645–46 (9th Cir. 2003); 42 U.S.C. §§ 2000e–5(b), (f)(3), 16(c); Stache v. Int'l Union of Bricklayers and Allied Craftsmen, AFL–CIO, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989). "[T]he administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[es] the issues for prompt adjudication and decision." B.K.B. v. Maui Police Dep't., 276 F.3d 1091, 1099 (9th Cir. 2002) (internal citations and quotations omitted).
>
> Despite having been previously warned about this pleading deficiency, Plaintiff still does not allege that he exhausted his administrative remedies by timely filing a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days.  To the extent that Plaintiff's claim is based on state employment discrimination law, there is also no allegation that Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing ("DFEH") within one year.  See Rojo v. Kliger, 52 Cal. 3d 65, 83 (1990); Cal. Gov't Code §12960.

Dkt. No. 13 at 3.

The Court granted Plaintiff leave to file an amended complaint that clearly states which allegations and claims relate to which Defendants, the basis for federal court jurisdiction, as well as whether or not Plaintiff has satisfied relevant exhaustion requirements.  The Court warned Plaintiff that if he did not remedy the pleading defects in a second amended complaint, dismissal could be with prejudice.

Plaintiff filed a second amended complaint ("SAC") on July 7, 2016.  The SAC makes his factual allegations and the basis for his employment discrimination claim somewhat more clear.  However, Plaintiff has not alleged that he has exhausted his administrative remedies, and instead tacitly concedes that he has not yet done so.  Plaintiff's SAC states: "As ordered, I have requested charges be filed against Perdue Foods with the Equal Employment Opportunity Commission (EEOC).  As a rule, because EEOC has partnership with Department of Fair Employment and Housing (DFEH), and I made my complaint first to the EEOC, EEOC will raise any potential

complaints or charges with DFEH." Thus, Plaintiff appears to allege that he filed a claim with the EEOC following the Court's June 16 Order, but there is no allegation that he has received a right-to-sue letter.

Plaintiff's complaint is dismissed with prejudice for failure to exhaust administrative remedies.[1] Title VII provides that within ninety days after the issuance of a right-to-sue notice, "a civil action may be brought against the respondent." 42 U.S.C. § 2000e–5(f)(1). Once Plaintiff receives a right-to-sue letter, he may re-file a complaint as appropriate.

**IT IS SO ORDERED.**

Dated: July 19, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).